IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN MICHAEL WEST ) | |
| ) | |
| v. ) | No. 3:10-1016 |
| ) | JUDGE CAMPBELL |
| GAYLE RAY, et al. ) | DEATH PENALTY |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Dismiss On Behalf Of Gayle Ray, Ricky Bell, David Mills, and Reuben Hodge (Docket No. 10). The Plaintiff has filed a Response (Docket No. 13) to the Motion. For the reasons set forth herein, the Motion To Dismiss is GRANTED.

II. Factual and Procedural Background

Plaintiff, who is scheduled to be executed on November 9, 2010, has filed a Complaint under 42 U.S.C. Section 1983 alleging that Tennessee's lethal injection method of execution violates his right to be free from cruel and unusual punishment guaranteed by the Eighth and Fourteenth Amendments to the Constitution. (Complaint (Docket No. 1)). Plaintiff also requests a declaratory judgment that the lethal injection protocol used by the Defendants violates the Federal Controlled Substances Act, 21 U.S.C. §§ 801, et seq., and the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301, et seq. (Id.)

In a decision issued on September 24, 2010, the Court dismissed almost identical claims filed by the Plaintiff in another case. Stephen Michael West v. Gayle Ray, et al., No. 3:10-0778

(Docket Nos. 33, 34 in Case No. 3:10-0778).[1]

In an opinion filed on November 4, 2010 (Docket No. 37 in Case No. 3:10-0778), the Sixth Circuit affirmed this Court's dismissal of Plaintiff's related case on statute of limitations grounds.[2] The Plaintiff has now filed a Notice (Docket No. 14, at ¶ 2) stating: "In the event that the Supreme Court denies certiorari and/or affirms the Sixth Circuit's decision [in the related case], Mr. West's instant complaint would be subject to dismissal under the doctrine of *res judicata*."

### III.  Analysis

#### A.  The Standards for Considering a Motion to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take "all well-pleaded material allegations of the pleadings" as true. Fritz v. Charter Township of Comstock, 592 F.3d 718, 722 (6th Cir. 2010). The factual allegations in the complaint "need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Id. (quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949-50 (2009)). "'A legal conclusion couched as a factual allegation,'" however, "need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." Id. (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009) and Bell Atlantic

---

[1]  Since that case was filed, the Plaintiff signed a rescission of an affidavit he signed on February 21, 2001 in which he chose to be executed by electrocution rather than lethal injection. (Complaint, at ¶ 15 (Docket No. 1)). The State then filed a pleading in a state court proceeding involving the parties indicating that it accepted the rescission, and that it would carry out the Plaintiff's execution by means of lethal injection. (Id., at ¶ 17).

[2]  The Plaintiff did not appeal this Court's dismissal of his claims brought under the Federal Controlled Substances Act and the Federal Food, Drug, and Cosmetic Act. (Docket No. 37, at 3 in Case No. 3:10-0778).

Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

B. Res Judicata or Claim Preclusion[3]

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Montana v. United States, 440 U.S. 147, 99 S.Ct. 970, 973-74, 59 L.Ed.2d 210 (1979); Bragg v. Flint Board of Education, 570 F.3d 775, 776 (6th Cir. 2009). For the doctrine to apply, the following elements must be present: (1) a final decision on the merits by a court of competent jurisdiction;[4] (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) identity of the causes of action. Id.

As discussed above, the Plaintiff filed an earlier case against the same parties raising the same claims. The Court dismissed that case on statute of limitations grounds, and that decision has now been affirmed on appeal. Therefore, this case is barred by the doctrines of res judicata and claim preclusion. Plaintiff cannot pursue two virtually identical cases at the same time.

Even if res judicata and claim preclusion do not apply, the Motion To Dismiss (Docket No. 10) is granted for the reasons stated by this Court on September 24, 2010 in Case No. 3:10-0778 (Docket Nos. 33 and 34), and by the Sixth Circuit Court of Appeals on November 4, 2010 in Case No. 3:10-0778 (Docket No. 37).

---

[3] Even though the Defendants did not raise the defense of res judicata in their motion to dismiss, the Sixth Circuit has held that a court may consider application of the doctrine sua sponte in the interests of judicial economy. Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 757-58 (6th Cir. 2003).

[4] The fact that the parties have appealed a district court's judgment does not deprive the judgment of res judicata effect. Smith v. Securities and Exchange Commission, 129 F.3d 356, 362 n. 7 (6th Cir. 1997). See also 18A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4433 (2d ed. 2002).

## IV. Conclusion

For the reasons set forth above, this action is dismissed.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE